# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY D. DOMBROWSKI, )
) No. 16-153
V. )
)
COMMISSIONER OF SOCIAL
SECURITY.

## OPINION AND ORDER

### SYNOPSIS

Previously, at C.A. 14-139, Plaintiff filed an application for child's insurance benefits, and for supplemental social security income, alleging disability due to various impairments, including Asperger's syndrome. Plaintiff's application was denied initially, and upon hearing before an Administrative Law Judge ("ALJ"). The Appeals Council denied his request for review, and he appealed to this Court. By Order dated April 9, 2015 ("April 9 Order"), this Court remanded the matter to permit further analysis or explanation of the weight afforded the opinions of several medical sources. After holding a hearing on remand, the same ALJ again denied Plaintiff's claim, and issued a decision dated April 28, 2016. Before the Court are the parties' cross-motions for summary judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

### OPINION

### I. STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review the transcripts and records upon which a determination of the Commissioner is based, and the

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g); Richardson, 402 U.S. at 390.

Importantly here, a district court cannot conduct a de novo review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." Brunson v. Astrue, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

## II. THE PARTIES' MOTIONS

Plaintiff contends that the ALJ erred in his analysis of Dr. Reedy, Plaintiff's treating psychologist, and a consulting examiner, Dr. Francis. In particular, Plaintiff argues that the ALJ failed to discuss the factors identified in 20 C.F.R. § 404.1527, and that the errors identified in my April 9 Opinion remain uncorrected.

2

Here, the ALJ crafted a residual functional capacity ("RFC") that included the following nonexertional limitations: Plaintiff can have no more than moderate exposure to a more than moderate noise intensity level; can understand, remember, and carry out simple instructions and make simple work-related decisions, and can perform routine, repetitive tasks at a consistent pace, but not at a production rate pace involving tasks to be performed within a strict time deadline; can sustain an ordinary routine without special supervision and can tolerate no more than occasional changes in a routine work setting; can tolerate occasional interaction with coworkers and supervisors, but no interaction with the public; and can have no reading or writing of more than simple instructions or perform more than simple arithmetic.[1]

The weight to be afforded a treating physician's opinion depends on the analysis of several factors, including the length, nature and extent of the treatment relationship, the supportability of the opinion, the consistency of the opinion with the record evidence, and any specialization of the physician. 20 C.F.R. § 416.927.

> "[W]here . . . the opinion of a treating physician conflicts with that of a non-treating, non- examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. Similarly, … the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

Becker v. Comm'r of Social Sec. Admin., 403 Fed. Appx. 679 (3d Cir. 2010) (citations omitted).

An ALJ is not required to discuss each of the factors identified in Section 404.1527, so long as there is sufficient evidence that the ALJ considered those factors. Ortiz v. Berryhill, No. 16-3591, 2017 U.S. Dist. LEXIS 63116, at *23 n.10 (E.D. Pa. Feb. 28, 2017). "[T]he ALJ is not required to 'use particular language or adhere to a particular format,' …and instead is required to

---

[1] The RFC differs in several respects from the RFC in the ALJ's March 25, 2013 decision, and accommodates aspects of the medical opinion of record that were afforded less than substantial weight.

provide enough explanation of his findings to permit meaningful judicial review." Walck v. Comm'r of Soc. Sec., No. 15-00687, 2016 U.S. Dist. LEXIS 107297, at *21 (M.D. Pa. Aug. 15, 2016) (citation omitted); Laverde v. Colvin, No. 14-1242, 2015 U.S. Dist. LEXIS 125808, at *9 n.3 (W.D. Pa. Sep. 21, 2015). As well, of course, a treating physician's opinion regarding functional capacity is not binding on the ALJ; the ultimate decision is reserved for the ALJ. Chandler v. Commissioner of Soc. Sec., 667 F. 3d 356, 361 (3d Cir. 2011). The ALJ may properly rely upon selected portions of a medical opinion while rejecting other parts, so long as he explains his decision. Weber v. Massanari, 156 F. Supp. 2d 475, 483 (E.D. Pa. 2001).

Here, the ALJ discussed his reasons for discounting Dr. Francis' 2012 medical source statement. For example, he noted that portions of Dr. Francis' reports, as well as a report by Ms. Hoffer-Miller, along with Plaintiff's daily living activities, did not support the marked limitations to which Dr. Francis opined. The ALJ took a similar approach to Dr. Reedy's opinion. In this instance, the ALJ sufficiently stated and explained the grounds for his approach. It is true, as Plaintiff points out, that Dr. Reedy and Dr. Francis' opinions are consistent with each other in many respects, such as regarding the ability to respond appropriately to changes in a routine work setting; there are, however, inconsistencies as well. The decision includes references to and discussion of each opinion offered by Drs. Francis and Reedy. Each such opinion is not strictly consistent either with other opinions offered by the same physician, or with the remaining record. For example, the ALJ noted that the physicians' opinion regarding changes in a work setting was not consistent with multiple medical observations of record, Plaintiff's activities of daily living, and Plaintiff's course of treatment. It is the ALJ's responsibility, and not that of the Court, to weigh the evidence at hand; assessing the degree and nature of medical opinion in light of the entire record is a matter for the ALJ. Moreover, the ALJ specifically acknowledged that Dr.

Reedy was "a treating psychologist," and he considered and cited to all her submitted records and statements. Under applicable standards, the ALJ fulfilled his directive on remand, and his decision is sufficiently supported.

## CONCLUSION

For the foregoing reasons, I find no error in the ALJ's decision. Defendant's Motion will be granted, and Plaintiff's denied. An appropriate Order follows.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court

Dated: September 7, 2017

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY D. DOMBROWSKI,  )
  ) No. 16-153
    V.  )
  )
COMMISSIONER OF SOCIAL
SECURITY.

## ORDER

AND NOW, this 7th day of September, 2017, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is DENIED, and Defendant's GRANTED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court